OPINION
Plaintiff-appellant Brenda George appeals the July 10, 2000 Decision and Judgment Entry of the Ashland County Court of Common Pleas, Domestic Relations Division, overruling her objections to the May 10, 2000 Magistrate's Decision and adopting said decision as the order of the court. Defendant-appellee is Michael George.
STATEMENT OF THE FACTS AND CASE, Appellant and appellee were married on November 20, 1978, in Cleveland, Ohio. Two children were born as issue of this marriage, to wit: Michael Jr. (DOB 12/9/86) and Jessica (DOB 5/29/88). Appellant filed a Complaint for Divorce in the Ashland County Court of Common Pleas, Domestic Relations Division, on April 11, 1995. The parties were divorced via Final Decree of Divorce filed June 3, 1996. Appellant was designated the residential parent and legal custodian of the two minor children. On September 29, 1999, appellee filed a Motion for Change of Custody, asserting a change in circumstance warranted the removal of the minor children from appellant's home and placement of the children in his home. Specifically, appellee alleged appellant was having difficulty finding a stable residence for herself and the children. Appellant filed a Motion to Dismiss Change of Custody, advising the trial court appellee was being investigated by the Medina County Department of Human Services as a result of accusations of sexual molestation of his stepdaughter. The magistrate conducted a hearing on the motion on March 6, 2000, and March 21, 2000. Via Magistrate's Decision filed May 10, 2000, the magistrate determined a change in circumstances of the children and appellant had occurred since the parties' divorce due to the frequent changes of appellant's residences, and in association thereto, school districts. Based upon a consideration of the relevant factors set forth in R.C. 3109.04(F), the magistrate further determined a change in designation of residential parent was in the best interest of the children. Appellant filed objections to the magistrate's decision on May 24, 2000. Appellant maintained the magistrate's recommendation appellee should be the residential and legal custodial parent for his two children was "diametrically opposed" to the magistrate's recommendation in the case of Sandra J. Taylor, nka George v. Daniel L. Taylor, Case No. D-9605, and adopted by the trial court. In the Taylor case, Daniel L. Taylor and Sandra J. Taylor, nka George, both filed motions for the termination of their shared parenting plan. The magistrate determined Daniel L. Taylor should be named the residential parent and legal custodian of the Taylor's three minor children. During the hearing in Taylor, Ashlee Taylor (DOB 11/19/87) testified regarding an incident involving appellee, which Ashlee perceived as a sexual assault. Ashlee testified she was awakened during the early morning hours on or about September 25, 1999, to find appellee placing his hand on her upper thigh. When Ashlee spoke to Sandra Taylor, nka George, about her perception of the incident, the mother refused to believe the child. Ashlee subsequently told an aunt about the situation and an investigation was initiated. No charges were filed against appellee as a result of Ashlee's allegation, and appellee denied any contact of a sexual nature with Ashlee. Appellee testified he had merely entered the room in which Ashlee was sleeping in order to close a window next to the bed. The testimony during the Taylor hearing revealed Ashlee was strongly disciplined for sneaking out of the residence of appellee and Sandra Taylor, nka George, one night in June, 1999, to visit a "boyfriend," who was camping in a tent located in a neighbor's backyard. Between June, 1999, and September, 1999, the relationships between Ashlee and her mother, and Ashlee and appellee deteriorated. As a result, Ashlee felt uncomfortable residing with her mother and perceived appellee as a threat to her safety. The testimony also revealed the two other Taylor children, Daniel and Tyler, had become more belligerent and disrespectful of appellee since September, 1999. Upon review of appellant's objection to the magistrate's decision, the trial court considered the transcript of the March 6 and 21, 2000 hearings, the court file, and the evidence. The trial court noted appellant's concern over a perceived inequity between the decision in the instant action and the Taylor case. However, the trial court found appellant's objection not well taken for two reasons. First, the record did not reveal any credible evidence to establish appellee had sexually abused Ashlee, and the allegations of sexual abuse were not the basis for the magistrate's determination in that case. Second, the trial court found the burden of proof in the instant action to be greater than the burden in the Taylor case due to the existence of the prior shared parenting agreement. The trial court further noted the magistrate in the Taylor case neither found appellee actually had inappropriate contact with Ashlee nor found appellee was an actual threat to the girl. The trial court noted the magistrate's decision in the case sub judice was a result of appellant's frequent changing of residences, which resulted in the children frequently changing schools. The trial court overruled appellant's objection to the magistrate's decision and adopted said decision as the order of the court. The trial court memorialized its ruling in a Decision and Judgment Entry filed July 10, 2000. It is from this decision and judgment entry appellant appeals, raising the following assignments of error:
 I. THE COURT APPLIED THE WRONG STANDARD OF THE BURDEN OF PROOF IN THIS CASE.
 II. THE DECISION IS ARBITRARY AND IS CONTRARY TO THE LAW AND THE EVIDENCE.
 III. THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE DECISION OF THE COURT WAS AN ABUSE OF ITS DISCRETION.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In her first assignment of error, appellant maintains the trial court applied an incorrect burden of proof in the instant action. The trial court set forth two reasons upon which it predicated its overruling of appellant's objections. Specifically, the trial court found:
1) there was not credible evidence presented that Mr. George had sexually abused Ashlee, and that was not the basis for the Magistrate's determination in that case; (The Magistrate's Decision was based on Ashlee's perception of that situation, and resulting distrust, not upon any factual finding that the alleged abuse actually occurred).
2) the burden of proof in Taylor (without a prior shared parenting agreement) was significantly lower than in this case. Under that standard the Court approaches Taylor as if no prior award of custody had occurred. The burden in George is much greater under the law.
July 10, 2000 Decision and Judgment Entry at 2, unpaginated.
Assuming, arguendo, the trial court mischaracterized the burden of proof in the instant action, we find such mischaracterization does not warrant reversal of the trial court's decision. The trial court also gave a second, independent reason for overruling appellant's objection. Because the trial court had at least one valid reason for overruling appellant's objection, any error in the trial court's mischaracterization of the burden of proof is harmless. Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant contends the trial court's decision designating appellee as the residential parent was an abuse of discretion. Upon review of the trial court's July 10, 2000 Decision and Judgment Entry as well as the Magistrate's May 10, 2000 Decision which was adopted thereby, we find the trial court did not abuse its discretion in modifying the parties' parental rights and responsibilities, and changing the designation of residential parent to appellee. Appellant's second assignment of error is overruled.
 III
In her final assignment of error, appellant asserts the trial court's decision was against the manifest weight of the evidence. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Appellant's argument can be set forth in a simple algebraic equation. Appellant submits because B (appellee's home) is less suitable than C (Daniel Taylor's home), B is necessarily less suitable than A (her home). However, the record does not support such a conclusion. In Taylor, the trial court compared appellee's home with Daniel Taylor's home. In the present case, the trial court compared appellee's home with appellant's home. Although appellant suggests the trial court should have compared appellee's residence to her residence in light of the comparison in the Taylor case, we find such would have been inappropriate for the trial court to do. We find the record supports the magistrate's primary basis for modifying the allocation of parental rights, i.e. appellant's frequent change of residences which resulted in the children's lack of stability in a school system. For this reason alone, we find the trial court's decision was not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed.
 _____________ Hoffman, P.J.
Farmer, J. and Wise, J. concur